IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

| | | |
|---|---|---|
| PAUL BELAUSKAS, | § | |
| As Spouse and Representative of | § | |
| Susan Belauskas' Estate | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. _____ |
| | § | |
| TEXAS HEALTH CARE, P.L.L.C., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**(JURY TRIAL DEMANDED)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Paul Belauskas, as spouse and representative of Susan Belauskas' estate, by and through her attorney of record, The Joeckel Law Office (David B. Joeckel, Jr.), hereinafter referred to as Plaintiff, complaining of Texas Health Care, P.L.L.C., hereinafter referred to as Defendant, and in support of Plaintiff's Original Complaint, Plaintiff would respectfully show as follows:

**I.**

**NATURE OF THE CASE**

1. This is an action under the Americans with Disabilities Act of 1990. Defendant discriminated against Susan Belauskas because of her disability, and further retaliated against her for requesting reasonable accommodations for her disability.

## II.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and the Americans with Disabilities Act of 1990 because this case involves a federal question.

3. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the alleged action occurred in Fort Worth, Tarrant County, Texas, located within the United States District Court for the Northern District of Texas.

## III.

## PARTIES

4. Plaintiff, Paul Belauskas, is an individual and resident of Weatherford, Parker County, Texas. Plaintiff's wife, Susan Belauskas, passed away on July 8, 2022. Decedent's claim against Defendant is survived by the representative of her estate, Paul Belauskas. The last four digits of his social security number are 0833.

5. Defendant Texas Health Care P.L.L.C. is a limited liability company duly authorized to do business in the State of Texas. Defendant may be served with process though its registered agent, Larry D. Tatum, M.D., 2821 Lackland Road, Suite 300, Fort Worth, Texas 76116, or wherever he may be found.

## IV.

## FACTS

6. Susan Belauskas was employed with Defendant as a Practice Team Liaison from 2004 until January 12, 2022. In 2001 Susan had an accident in which she became paraplegic. She

also had a history of blood clots in her lungs that left her with scar tissue. Despite her disability, Susan was successful at her job for the years she worked for Defendant.

7. In March 2020, as a result of the COVID-19 pandemic, Susan's boss Dr. Paul R. Senter called her and told her to work from home because the issues with her lungs put her at high risk for serious COVID symptoms. During March and April 2020 Susan developed pressure sores as a result of her disability. However, just as before, Susan performed her duties satisfactorily despite her disability and received no complaint.

8. On August 5, 2021, Susan had surgery consisting of wound debridement for her pressure sores. On August 30, 2021, Defendant sent a letter to Susan requesting that she return to work in person, full time. Because of her disability, Susan went on FMLA for 90 days. While on FMLA Susan required a skin graft for her pressure sores.

9. Once Susan's FMLA expired, Defendant forced her to return to work in person despite her ongoing struggles with her disability. Susan requested reasonable accommodations for her disability of working remotely (which she had been doing successfully before her FMLA) but Defendant denied her request.

10. Shortly after her reasonable request for accommodation was denied, Susan's pressure sore reopened in December 2021/January 2022. Susan required another surgery to treat this. During the time of the surgery and recovery Susan worked from home and performed her job well. Despite all of the treatment, Susan's pressure sores never healed.

11. On January 12, 2022, Susan received another letter from Defendant. In the letter, Defendant terminated her stating that it was because she was unable to return to work and perform the essential functions and job duties as a PTL. This reason was clearly pretextual. Susan was able

to perform the essential functions and duties of her job fully remote as she had done successfully since March 2020.

12. Defendant terminated Susan because of her disability and retaliated against for requesting reasonable accommodations for her disability.

13. Unfortunately, Susan passed away on July 8, 2022, from complications arising from her pressure sores reopening when she was forced to return to work in person. Nevertheless, her claim survives and is being pursued by the representative of her estate, Plaintiff Paul Belauskas.

V.

## CAUSES OF ACTION

**Discrimination and Retaliation under the Americans with Disabilities Act of 1990 (ADA)**

14. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

15. As set forth above, Decedent was terminated because of her disability.

16. Defendant's termination was also in retaliation against Decedent for requesting reasonable accommodations for her disability, such as continuing to work remotely and requesting time off to undergo necessary operations.

17. Defendant violated the ADA by terminating Decedent because of her disability and in retaliation for requesting reasonable accommodations.

18. Defendant's violation of the ADA has directly and approximately caused damage to Decedent, for which Plaintiff, as representative of Decedent's estate, hereby sues Defendant

VI.

## DAMAGES

19. Plaintiff re-alleges and incorporates each and every allegation contained in all preceding paragraphs.

20. As a result of the actions by Defendant, Plaintiff seeks damages in an amount within the jurisdictional limits of this Court, including but not limited to, back pay, past mental anguish, and reasonable attorney's fees.

## VII.

## ATTORNEY'S FEES

21. Plaintiff has been required to engage the services of the undersigned attorney and has agreed to pay the undersigned attorney a reasonable fee for his legal services. Plaintiff is entitled to reasonable attorney's fees pursuant to the ADA.

## VIII.

## CONDITIONS PRECEDENT

22. All conditions precedent to the bringing of the present litigation, such as the filing of an EEOC charge and notice of right to sue letter being obtained, have occurred and have been performed. Attached as Exhibit A is the Notice of Right to Sue

## IX.

## COURSE AND SCOPE

24. The actions of Defendant described within this Complaint were committed by its employees and agents who in turn were acting in the course and scope of its employment.

## X.

## JURY DEMAND

23. Pursuant to Fed. R. Civ. P. 38, Plaintiff requests a jury trial and this case be set on the Court's jury docket.

# XI.

# **PRAYER**

WHEREFORE, Plaintiff, Paul Belauskas, respectfully requests the Court to summon Defendant, Texas Health Care P.L.L.C., to appear and answer and, upon trial, enter judgment against Defendant for the causes of action set forth above; awarding Plaintiff actual damages, statutory relief, court costs, attorney's fees and prejudgment and post-judgment interest, along with such other and further relief which Plaintiff may show himself to be lawfully entitled, in law or in equity.

Respectfully submitted,

THE JOECKEL LAW OFFICE

*/s/ David B. Joeckel, Jr.*
David B. Joeckel, Jr.
State Bar No. 10669700

THE JOECKEL LAW OFFICE
219 South Main Street, Suite 301
Fort Worth, Texas 76104
(817) 924-8600
(817) 924-8603 – Fax
dbj@joeckellaw.com

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| To: **Susan Belauskas**<br>137 Scenic Ridge Drive<br>Weatherford, TX 76087 | From: San Antonio Field Office<br>5410 Fredericksburg Rd<br>Suite 200<br>San Antonio, TX 78229 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 31A-2022-00055 | **Hector Colon-Padro**<br>**State & Local Coordinator** | (210) 640-7546 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_(signature)_

**Norma Guzman,**
**Field Director**

(Date Issued)

Enclosures(s)

cc: **Texas Health Care PLLC**
c/o **CRYSTAL CRAVENS**
**THOMPSON, COE, COUSINS & IRONS LLP**
700 N. Pearl Street 25th Floor
Dallas, TX 75201